## Lipitz v. Snyder

*Barton Haines*, for plaintiffs.
*Allan Starr*, for defendant.

GREENBERG, J., September 6, 1978—This matter is before us on defendant's petition to enforce a settlement made prior to trial.

The facts are undisputed and indicate that plaintiffs authorized counsel to settle their claim with defendant for the sum of $27,500 and counsel did so. Thereafter, plaintiffs refused to execute releases and now claim that they believed that their agreement to settle was contingent on their signing the releases and that they could unilaterally repudiate the settlement at any time prior to the time they did that.

The law is clear that where the client is advised of the proposed settlement offer and authorizes counsel to accept it, a final settlement has been reached. To hold otherwise would be to inject serious problems into an already overburdened system. Cases are usually settled when listed for trial and at a time when the parties are prepared to proceed. If plaintiffs then agree to a settlement, witnesses are excused, schedules are adjusted, etc. For all valid and ostensible purposes the case has then been settled. Were we to hold that this is not so but rather either plaintiff or defendant can repudiate it, the former by not signing the release or the latter by not sending it, it would result in making a nullity out of any oral settlement agreement and in destroying our present system of disposing of cases by way of settlement.

Once the parties agree to a settlement with full knowledge of the consequences thereof as was the case here, they will be held to it. They will not be permitted to escape its consequences on the basis that they did not execute a formal agreement.

We make two other comments. First, this is not the situation where counsel effected the settlement in the good faith belief that the client would accept it. In this case the client was made aware of the settlement and authorized counsel to effect it.

Second, an examination of all of the facts and circumstances of this case clearly indicates that the settlement is a fair and adequate one. While the latter by itself furnishes no legal basis for the enforcement of a settlement (some persons who are sui juris may and do refuse to make advantageous settlements) it does indicate that there was no overreaching by defendant and that plaintiffs were justified in authorizing counsel to make the settlement.

Accordingly, we entered the order granting defendant's petition to enforce the settlement.

### ORDER

And now, September 6, 1978, defendant's petition to enforce settlement of the above case for the amount of $27,500 is granted, and it is ordered that said settlement is valid and binding upon plaintiffs who shall within 30 days of the date of this order, execute the general releases and furnish same to defendant's counsel along with an order to discontinue, settle and end and upon receipt thereof defendant's counsel shall remit the settlement amount to plaintiffs and their attorney.